Form 150

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Dorothy E. Murphy**
    Debtor(s)

Bankruptcy Case No.: 16–20430–JAD
Doc # 35
Chapter: 13
Docket No.: 37 – 35
Conciliation Conference Date: 8/25/16 at 01:30 PM

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than 18 years of age and that on the ___19th___ day of ___July___, ___2016___, I served a copy of the within *Order* together with the *Amended Plan* filed in this proceeding, by (describe the mode of service):

REGULAR US POSTAL SERVICE

on the respondent(s) at (list names and addresses here):

SEE ATTACHED MAILING MATRIX

Executed on ___July 19, 2016___        ___/s/ Leslie Nebel___
                (Date)                                                (Signature)

Leslie Nebel, 707 Grant Street, Suite 2830, Pittsburgh, PA 15219
(Type Name and Mailing Address of Person Who Made Service)

```
Label Matrix for local noticing          Advanced Disposal                     Barclaycard Services
0315-2                                   PO Box 74008047                       PO Box 13337
Case 16-20430-JAD                        Chicago, IL 60674-8047                Philadelphia, PA 19101-3337
WESTERN DISTRICT OF PENNSYLVANIA
Pittsburgh
Thu Jul 14 13:16:12 EDT 2016

Best Buy/Citibank                        CERASTES, LLC                         Capital One Bank (USA), N.A.
PO Box 9001007                           C O WEINSTEIN & RILEY, PS             PO Box 71083
Louisville, KY 40290-1007                2001 WESTERN AVENUE, STE 400          Charlotte, NC  28272-1083
                                         SEATTLE, WA 98121-3132

Capital One Bank NA                      Chase Freedom                         Citibank, NA/Sears Mastercard
PO Box 71083                             PO Box 15153                          c/o Alliance One Receivables Management
Charlotte, NC 28272-1083                 Wilmington, DE 19886-5153             PO Box 3107
                                                                               Southeastern, PA 19398-3107

Claire Fujishima                         Department Store National Bank        Craig H. Fox
15827 Manhattan Place                    c/o Quantum3 Group LLC                Fox and Fox Attorneys at Law, P.C.
Gardena, CA 90247-3648                   PO Box 657                            706 One Montgomery Plaza
                                         Kirkland, WA  98083-0657              425 Swede Street
                                                                               Norristown, PA 19401

Andrew F Gornall                         Michael J. Graml                      Hyundai Capital America DBA
KML Law Group, P.C.                      714 Sassafras Street                  Hyundai Motor Finance
701 Market Street                        Erie, PA 16501-1010                   PO Box 20809
Suite 5000                                                                     Fountain Valley, CA 92728-0809
Philadelphia, PA 19106-1541

Hyundai Motor Finance                    KML Law Group PC                      Karen Luffe
PO Box 650805                            701 Market Street                     526 Wall Avenue
Dallas, TX 75265-0805                    Suite 5000                            Wilmerding, PA 15148-1444
                                         Philadelphia, PA 19106-1541

MIDLAND FUNDING LLC                      Macy's                                Mary Tressler
PO Box 2011                              PO Box 78008                          252 Knickerbocker Drive
Warren, MI 48090-2011                    Phoenix, AZ 85062-8008                Pittsburgh, PA 15235-4727

Dorothy E. Murphy                        NTB/Citibank                          Office of the United States Trustee
252 Knickerbocker Drive                  PO Box 9001006                        Liberty Center.
Pittsburgh, PA 15235-4727                Louisville, KY 40290-1006             1001 Liberty Avenue, Suite 970
                                                                               Pittsburgh, PA 15222-3721

Pennsylvania Dept. of Revenue            Peoples Gas                           (p)PORTFOLIO RECOVERY ASSOCIATES LLC
Department 280946                        PO Box 644760                         PO BOX 41067
P.O. Box 280946                          Pittsburgh, PA 15264-4760             NORFOLK VA 23541-1067
ATTN: BANKRUPTCY DIVISION
Harrisburg, PA 17128-0946

Quicken Loans                            Quicken Loans                         (p)SPRINGLEAF FINANCIAL SERVICES
1050 Woodward Avenue                     PO Box 6577                           P O BOX 3251
Detroit, MI 48226-1906                   Carol Stream, IL 60197-6577           EVANSVILLE IN 47731-3251
```

```
Slate Chase                              Springleaf Financial Services of Pennsylvani    Springleaf Financial Services of Pennsylvani
PO Box 15153                             c/o Craig H. Fox, Esquire                       c/o Craig H. Fox, Esquire
Wilmington, DE 19886-5153                Fox and Fox Attorneys at Law, P.C.              Fox and Fox Attorneys at Law, P.C.
                                         425 Swede Street                                One Montgomery Plaza, Suite 706
                                         One Montgomery Plaza, Suite 706                 425 Swede Street
                                         Norristown, PA 19401-4852                       Norristown, PA 19401

Kenneth M. Steinberg                     Synchrony Bank/JC Penney                        Systems & Services Technologies, Inc.
Steidl & Steinberg                       PO Box 960090                                   4315 Pickett Road, Bankruptcy Department
Suite 2830 Gulf Tower.                   Orlando, FL 32896-0090                          St. Joseph, Missouri 64503-1600
707 Grant Street
Pittsburgh, PA 15219-1908


The Hempfield Township Municipal Aith    Total Card Inc./Merrick Bank                    Ronda J. Winnecour
1145 Woodward Drive                      5109 S Broadband Lane                           Suite 3250, USX Tower
Greensburg, PA 15601                     Sioux Falls, SD 57108-2208                      600 Grant Street
                                                                                         Pittsburgh, PA 15219-2702
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Portfolio Recovery Associates, LLC       SPRINGLEAF FINANCIAL SERVICES                   (d)Springleaf Financial
POB 12914                                PO BOX 3251                                     PO Box 742536
Norfolk VA 23541                         EVANSVILLE, IN 47731                            Cincinnati, OH 45274
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Quicken Loans Inc.                    End of Label Matrix
                                         Mailable recipients    38
                                         Bypassed recipients     1
                                         Total                  39
```

Form 202

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Dorothy E. Murphy**
   Debtor(s)

Bankruptcy Case No.: 16−20430−JAD
Doc. # 35
Chapter: 13
Docket No.: 37 − 35
Concil. Conf.: August 25, 2016 at 01:30 PM

## ORDER SCHEDULING DATES FOR HEARING ON
## AND OBJECTION TO AMENDED PLAN DATED 7/15/2016

     **IT IS HEREBY ORDERED** that the Debtor(s) shall *immediately* serve a copy of this order and the "Amended Chapter 13 Plan" on the Chapter 13 Trustee and all parties in interest and complete and file the enclosed Certificate of Service with the Clerk of the Bankruptcy Court.

     *On or before August 11, 2016,* all Objections must be filed and served on the Debtor, Chapter 13 Trustee, and any creditor whose claim is the subject of the Objection. *Objections which are not timely filed will not be considered.*

     *On August 25, 2016 at 01:30 PM,* a Conciliation Conference shall occur with the Chapter 13 Trustee on the Debtor's Amended Chapter 13 Plan at 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.

     If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

Dated: July 18, 2016

Jeffery A. Deller
United States Bankruptcy Judge

cm: Proponent of the Amended Plan

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

Bankruptcy Case Number: **16-20430 JAD**

Debtor#1: **DOROTHY E. MURPHY**                                        Last Four (4) Digits of SSN: **1138**

Debtor#2:                                                              Last Four (4) Digits of SSN:
                                                                       **Hearing Date: 8/25/16 at 1:30 pm**

*Check if applicable*  **X**  **Amended Plan**      ☐ **Plan expected to be completed within the next 12 months**

CHAPTER 13 PLAN DATED JULY 15, 2016
COMBINED WITH CLAIMS BY DEBTOR PURSUANT TO RULE 3004

*UNLESS PROVIDED BY PRIOR COURT ORDER THE OFFICIAL PLAN FORM MAY NOT BE MODIFIED*

**PLAN FUNDING**
Total amount of **$625.00** per month for a plan term of **60** months shall be paid to the Trustee from future earnings as follows:
Payments:           By Income Attachment              Directly by Debtor              By Automated Bank Transfer
D#1                 $_____              **$625.00**                     $_____
D#2                 $_____              $_____             $_____
(Income attachments must be used by Debtors having attachable income)              (SSA direct deposit recipients only)

Estimated amount of additional plan funds from sale proceeds, etc.: $_____
The Trustee shall calculate the actual total payments estimated throughout the plan.
The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the Debtor.

**PLAN PAYMENTS TO BEGIN**: no later than one month following the filing of the bankruptcy petition.

**FOR AMENDED PLANS**:
  i. The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
  ii. The original plan term has been extended by _____months for a total of _____months from the original plan filing date;
  iii. The payment shall be changed effective_____.
  iv. The Debtor (s) have filed a motion requesting that the court appropriately change the amount of all wage orders.

The Debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $_____from the sale of this property (describe) _____. All sales shall be completed by_____. Lump sum payments shall be received by the Trustee as follows: _____.
Other payments from any source (describe specifically) _____ shall be received by the Trustee as follows: _____.

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

  *Level One:*     Unpaid filing fees.
  *Level Two:*     Secured claims and lease payments entitled to Section 1326 (a)(1)(C) pre-confirmation adequate   protection payments.
  *Level Three:*   Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and post-petition utility claims.
  *Level Four:*    Priority Domestic Support Obligations.
  *Level Five:*    Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
  *Level Six:*     All remaining secured, priority and specially classified claims, miscellaneous secured arrears.
  *Level Seven:*   Allowed general unsecured claims.
  *Level Eight:*   Untimely filed unsecured claims for which the Debtor has not lodged an objection.

**1. UNPAID FILING FEES** _____

Filing fees: the balance of $_____ shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.

**PAWB Local Form 10 (07/13)**

**2. PERSONAL PROPERTY SECURED CLAIMS AND LEASE PAYMENTS ENTITLED TO PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS UNDER SECTION 1326 (a)(1)(C)**

*Creditors subject to these terms are identified below within parts 3b, 4b, 5b or 8b.* Timely plan payments to the Trustee by the Debtor(s) shall constitute compliance with the adequate protection requirements of Section 1326 (a)(1)(C). Distributions prior to final plan confirmation shall be made at Level 2. Upon final plan confirmation, these distributions shall change to level 3. Leases provided for in this section are assumed by the Debtor(s).

**3(a). LONG TERM CONTINUING DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED**

| Name of Creditor (include account #) | Description of Collateral (Address or parcel ID of real estate, etc.) | Monthly Payment (If changed, state effective date) | Pre-petition arrears to be cured (w/o interest, unless expressly stated) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

3(b). *Long term debt claims secured by PERSONAL property entitled to §1326 (a)(1)(C) preconfirmation adequate protection payments:*

| | | | |
|---|---|---|---|
| | | | |

**4. SECURED CLAIMS TO BE PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID**

4(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata" but instead, state the monthly payment to be applied to the claim):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| **Hyundai Motor Finance Debtor co-signed for a friend's daughter who is in possession of the vehicle and all of the monthly payments. Not to be part of the Chapter 13 Plan** | **2014 Hyundai Sonata** | | | |
| | | | | |
| | | | | |

4(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| | | | | |

**5. SECURED CLAIMS TO BE FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED**

5(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim)*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| | | | | |

| | | | | |
|---|---|---|---|---|
| | | | | |

**PAWB Local Form 10 (07/13)**

5(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| | | | | |

| 6. SECURED CLAIMS NOT PAID DUE TO SURRENDER OF COLLATERAL; SPECIFY DATE OF SURRENDER | 7. THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS: |
|---|---|
| Name the Creditor and identify the collateral with specificity. | Name the Creditor and identify the collateral with specificity. |
| **Quicken Loans holds the mortgage lien on property located at 145 Tippecanoe Drive, Greensburg, PA  15601  and all other liens attached to the property.** | |
| | |
| | |

**8. LEASES.   Leases provided for in this section are assumed by the debtor(s).  Provide the number of lease payments to be made by the Trustee**.

8(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| | | | |
| | | | |

8(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| | | | |

**9.  SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest * | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

\* *The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and County of Allegheny shall bear interest at the statutory rate in effect as of the date of confirmation of the first plan providing for payment of such claims.*

**PAWB Local Form 10 (07/13)**

**10. PRIORITY DOMESTIC SUPPORT OBLIGATIONS:**
If the Debtor (s) is currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the Debtor (s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.  If this payment is for prepetition arrearages only, check here: ☐  As to "Name of Creditor," specify the actual payee, e.g. PA SCDU, etc.

| Name of Creditor | Description | Total Amount of Claim | Monthly Payment or Prorata |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**11.  PRIORITY UNSECURED TAX CLAIMS PAID IN FULL**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest (0% if blank) | Tax Periods |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**12.  ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID**
  a.   Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee.
  b.   Attorney fees are payable to **Steidl & Steinberg, Suite 2830- Gulf Tower, 707 Grant Street, Pittsburgh, PA 15219**. In addition to a retainer of **$600.00 in attorney fees, $500.00 in expenses** already paid by or on behalf of the Debtor, the amount of **$4,400.00** is to be paid at the rate of **$200.00** per month.  Including any retainer paid, a total of $_____ has been approved pursuant to a fee application.  An additional $_____ will be sought through a fee application to be filed and approved before any additional amount will be paid thru the Plan.

**13.  OTHER PRIORITY CLAIMS TO BE PAID IN FULL**

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**14. POST-PETITION UTILITY MONTHLY PAYMENTS.** This provision completed only if utility provider has agreed to this treatment.

These payments comprise a single monthly combined payment for post-petition utility services, any post-petition delinquencies and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility file a motion requesting a payment change, the Debtor will be required to file an amended plan. These payments may not resolve all of the post-petition claims of the utility. The utility may require additional funds from the Debtor (s) after discharge.

**PAWB Local Form 10 (07/13)**

| Name of Creditor | Monthly Payment | Post-petition Account Number |
|---|---|---|
|  |  |  |
|  |  |  |

**15. CLAIMS OF UNSECURED NONPRIORITY CREDITORS TO BE SPECIALLY CLASSIFIED.** If the following is intended to be treated as long term continuing debt treatment pursuant to Section 1322(b)(5) of the Bankruptcy Code, check here: ☐

| Name of Creditor | Principal Balance or Long Term Debt | Rate of Interest (0% if blank) | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**16. CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS**

Debtor(s) ESTIMATE that a total of **$29,882.00** will be available for distribution to unsecured, non-priority creditors. Debtor(s) UNDERSTAND that a MINIMUM of **$0.00** shall be paid to unsecured, non-priority creditors in order to comply with the liquidation alternative test for confirmation. The total pool of funds estimated above is NOT the MAXIMUM amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is **100%.** The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified in Parts 1 - 15, above, are included in this class.

**GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS**

This is the voluntary Chapter 13 reorganization plan of the Debtor (s). The Debtor (s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than sixty (60) months, in order to insure that the goals of the plan have been achieved. Property of the estate shall not re-vest in the Debtor (s) until the bankruptcy case is closed.

The Debtor (s) shall comply with the tax return filing requirements of Section 1308, prior to the Section 341 Meeting of Creditors, and shall provide the Trustee with documentation of such compliance at or before the time of the Section 341 Meeting of Creditors. Counsel for the Debtor(s), or Debtor (if not represented by counsel), shall provide the Trustee with the information needed for the Trustee to comply with the requirements of Section 1302 as to notification to be given to Domestic Support Obligation creditors, and Counsel for the Debtor(s), or Debtor (if pro se) shall provide the Trustee with the calculations relied upon by Counsel to determine the Debtor (s)' current monthly income and disposable income.

As a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the plan, Counsel for the debtor(s), or the debtor(s) if not represented by counsel, shall file with the Court Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) within forty-five (45) days after making the final plan payment.

All pre-petition debts are paid through the Trustee. Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

Percentage fees to the Trustee are paid on all distributions at the rate fixed by the United States Trustee. The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan. The Trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the Trustee will not be required. The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the Debtor (s) and Debtor (s)' counsel have been given notice and

an opportunity to object. The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.


**PAWB Local Form 10 (07/13)**

      Any Creditor whose secured claim is modified by the plan, or reduced by separate lien avoidance actions, shall retain its lien until the plan has been fully completed, or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy law, whichever occurs earlier**.**  Upon payment in accordance with these terms and successful completion of the plan by the Debtor (s), the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released

      Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record, (or the Debtor (s) in the event that they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects.

      Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date. LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD (OR DEBTOR, IF PRO SE) WILL NOT BE PAID.  The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor.


**BY SIGNING THIS PLAN THE UNDERSIGNED, AS COUNSEL FOR THE DEBTOR(S), OR THE DEBTOR(S) IF NOT REPRESENTED BY COUNSEL, CERTIFY THAT I/WE HAVE REVIEWED ANY PRIOR CONFIRMED PLAN(S), ORDER(S) CONFIRMING PRIOR PLAN(S), PROOFS OF CLAIM FILED WITH THE COURT BY CREDITORS, AND ANY ORDERS OF COURT AFFECTING THE AMOUNT(S) OR TREATMENT OF ANY CREDITOR CLAIMS, AND EXCEPT AS MODIFIED HEREIN, THAT THIS PROPOSED PLAN CONFORMS TO AND IS CONSISTENT WITH ALL SUCH PRIOR PLANS, ORDERS AND CLAIMS. FALSE CERTIFICATIONS SHALL SUBJECT THE SIGNATORIES TO SANCTIONS UNDER FED.R.BANK.P. 9011.**


Attorney Signature:/s/ Kenneth M. Steinberg

Attorney Name and Pa. ID # Kenneth M. Steinberg  #31244

Attorney Address and Phone: 707 Grant Street, Suite 2830-Gulf Tower, Pittsburgh, PA 15219
          412-391-8000

Debtor Signature:  /s/ Dorothy E. Murphy

Debtor Signature _____


**AWB Local Form 10 (07/13)**